UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL NO. 2:12cv327 |
| | ) | |
| $3,000.00 in U.S. Currency, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

This matter is before the court on a motion to strike claim, filed by the government on

December 7, 2012.  There has been no response to the motion to strike. For the following

reasons, the motion will be granted.

Discussion

 On August 13, 2012, the government filed a Verified Complaint for Forfeiture *In Rem*

against $3000.00 in U.S. Currency ("the Defendant Property"). On August 21, 2012, pursuant to

Rule G(4)(b) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture

Actions ("Supplemental Rules"), the government sent a Direct Notice of the forfeiture action, a

copy of the complaint and a copy of the Warrant to Archie Johnson ("Claimant"), a person

known to the government to be a potential claimant to defendant property.

The Direct Notice informed the Claimant that he must file a verified claim within 35 days

of the date of the notice (August 21, 2012), as well as the requirement that he file an Answer to

the complaint within 20 days of filing the verified claim. In addition, the Warrant informed the

Claimant that he must file a claim in order to contest the forfeiture and that the claim must be

signed by him under penalty of perjury.

On September 19, 2012, the Claimant filed a Claim to the government's Complaint.  The

Claim was signed by the Claimant but it was not verified. On October 11, 2012, the government sent the Claimant a courtesy letter informing him that his claim did not comply with Rule G(5)(a)(i)(C), in that it was not verified. The letter advised the Claimant that in order to contest the forfeiture, the Claimant must file a claim under penalty of perjury and that he must also file an Answer to the complaint. The government informed the Claimant that it would give him additional time up to October 30, 2012, in which to file an appropriate claim. However, the Claimant has not filed a verified claim or contacted the government in regards to the instant case.

Therefore the government has requested this court to strike the claim filed by the Claimant for failure to comply with Rule G(5)(a)(i)(C) of the Supplemental Rules. Supplemental Rule G(8)(c) provides that at any time before trial, the government may move to strike a claim or answer for failing to comply with Supplemental Rule G(5) or because the claimant lacks standing to contest the forfeiture. *See United States v. $12,126.00 in U.S. Currency*, 337 Fed. Appx. 818, 820 (11th Cir. 2009) (the government may move under Rule G(8)(c) to strike a claim for failure to comply with Rule G(5). Failure to comply with Rule G(5) means claimant lacks statutory standing. *Id.*; *See also United States v. $14,132.00 in U.S. Currency*, 2011 WL 3235270, *1 (D.Col. July 28, 2011) (granting Rule G(8)(c) motion to dismiss for lack of statutory standing where claimant filed claim but no answer). In this circuit, as in all others, the pleading requirements in Rule G(5) are strictly enforced. *See United States v. $61,500 in U.S. Currency,* 2010 WL 2317136, *3 (S.D. Ill. Sept. 21, 2009) ("… strict compliance with the pleading requirements is required unless the claimant has a good explanation for his failure to file a timely claim in proper form."). Claimant's *pro se* status does not relieve him of the requirement of complying with Rule G. *United States v. $1000.00 Refunded to Mango Creek*

*Properties, Inc*, 2012 WL 254044, *2 (D.Neb. Jan. 27, 2012) (even *pro se* claimant must strictly comply with the pleading requirements in Rule G; striking pleadings filed by claimant for lack of statutory standing because claimant failed to file a verified claim); *United States v. $22,226.25 in Interbank FX Account*, 763 F.Supp. 2d 944, 948-49 (E.D. Tenn. 2011) (granting motion to strike for failure to file an answer, and holding that the filing requirements must be strictly enforced, even against a *pro se* litigant).

Supplemental Rule G(5)(a)(i)(C) states that the claim *must* be signed by the Claimant under penalty of perjury. This requirement is considered the most significant requirement of Rule G(5)(a). As the Third Circuit held in *United States v. $487,825.00*, 484 F.3d 662, 664-65 (3d Cir. 2007), "The requirement that the claimant file a timely verified statement serves two purposes. First, it forces claimants to come forward as quickly as possible after the initiation of forfeiture proceedings, so that the court may hear all interested parties and resolve the dispute without delay. Second, it minimizes the danger of false claims by requiring claims to be verified or solemnly affirmed. For these reasons, the requirement is no mere procedural technicality." *See also United States v. Commodity Account No. 549 54930*, 219 F.3d 595, 597 (7th Cir.2000) ("[V]erification is an essential element of any claim because of the substantial danger of false claims.") Therefore, "[i]f the claimant fails to file a verified claim, he will not have standing as a party to the action." *United States v. 2001 Volkswagen Beetle*, 2008 WL 5120737 at *4 (E.D. Cal. Dec. 5, 2008). *See United States v. Real Property Located in Merced County*, 2008 WL 706599, at *3 (E.D. Cal. Mar.14, 2008) ("[o]ne who does not file a verified claim pursuant to the Supplemental Rules lacks standing in the forfeiture action").

In the present case, the Claimant was informed in the Direct Notice and in the Warrant of

the necessity to file a verified claim (and an answer). Having failed to do so, the Claimant was then sent a courtesy letter again advising him of the requirement and affording him sufficient time to comply before the government took any further action. However, the Claimant still has not filed a proper claim. Accordingly, the governments motion to strike claim will be granted.

<u>Conclusion</u>

On the basis of the foregoing, the government's motion to strike claim [DE 6] is hereby GRANTED.

Entered: March 11, 2013.

<u>s/ William C.  Lee   </u>
William C. Lee, Judge
United States District Court